**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 2 0 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

THE HERTZ CORPORATION,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[PROPOSED] ORDER
REGARDING THE HERTZ
RESTITUTION FUND

Docket No. 88 CR 462 (ENV)

WHEREAS, on August 4, 1988, The Hertz Corporation ("Hertz") pled guilty to defrauding car rental customers by over-billing and misrepresenting collision-repair costs, in violation of 18 U.S.C. §§1341-1342, in the United States District Court for the Eastern District of New York, pursuant to a plea agreement between Hertz and the United States Attorney's Office for the Eastern District of New York (the "USAO");

WHEREAS, as part of the plea agreement, Hertz agreed to pay a fine of $6.85 million and to make restitution to all Hertz customers and third parties who had been defrauded;

WHEREAS, pursuant to the plea agreement, the Hertz Restitution Fund was established;

WHEREAS, Hertz and the USAO entered into a Stipulation and Agreement, which includes provisions regarding the administration of the Hertz Restitution Fund;

WHEREAS, pursuant to the plea agreement and the Stipulation and Agreement, the Honorable Eugene H. Nickerson, United States District Judge for the Eastern District of New York, directed Hertz to deposit $13.7 million into the Hertz Restitution Fund;

1

WHEREAS, by Order dated August 17, 1988, Judge Nickerson appointed Lawrence J. Zweifach, Esq. as Fund Administrator of the Hertz Restitution Fund (the "Fund Administrator");

WHEREAS, pursuant to the terms of the Stipulation and Agreement, the Fund Administrator has been filing Periodic Reports with the Court regarding the administration and status of the Hertz Restitution Fund;

WHEREAS, the Fund Administrator has reported in prior Periodic Reports that all proper claims against the Hertz Restitution Fund have been paid;

WHEREAS, the Fund Administrator has reported in prior Periodic Reports that the Hertz Restitution Fund could not be terminated until certain federal tax issues have been resolved;

WHEREAS, the Fund Administrator has reported, in his Final Report to the Court, dated December 13, 2013, that the aforesaid federal tax issues have been resolved and that the Hertz Restitution Fund has paid all outstanding federal taxes;

WHEREAS, the Fund Administrator has reported in his Final Report that he has paid all outstanding bills of professional service firms that have assisted him, except for the final bill of his law firm, Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), which is included in the Final Report;

WHEREAS, the Fund Administrator has reported in his Final Report that he has transferred all files relating to the administration of the Hertz Restitution Fund to the United States Attorney's Office for the Eastern District of New York;

WHEREAS, the Fund Administrator retained  UHY LLP ("UHY"), a licensed independent CPA firm that performs attestation services, to assist him in preparing federal tax returns for the Hertz Restitution Fund  and in providing the Court with a Final Report;

WHEREAS, UHY performed certain agreed-upon procedures regarding the administration of the Hertz Restitution Fund by the Fund Administrator, in accordance with attestation standards established by the American Institute of Certified Public Accountants;

WHEREAS, UHY provided the Fund Administrator with a report entitled, "Independent Accountant's Report On Applying Agreed-Upon Procedures" ("UHY Report"), a copy of which is included in the Fund Administrator's Final Report;

WHEREAS the UHY Report states, *inter alia*, that UHY:

- "Obtained understanding and documented systems of control(s) and procedures established to effectively administer the Fund and determined that those procedures were reasonable and properly performed";

- "Reviewed procedures to notify all potential claimants and determined that those procedures were reasonable and were properly performed";

- "Examined a representative sample of claims paid to 'Restitution Fund' claimants, namely insurance companies, government agencies, businesses and other potential 'Settlement Fund' claimants who opted to participate in the 'Restitution Fund' and determined that claims were timely filed [and that t]he claim disbursements agreed with release forms signed by claimants;"

- "Reviewed Fund bank statements and determined that cash was reconciled, and cash receipts and disbursements were recorded properly";

- "Examined a representative sample of cash receipts and of cash disbursements (other than claim payments) from the Fund and determined that they are in accordance with terms established by the Court or other Fund related agreements";

- "Reviewed the procedures established by you [the Fund Administrator] to adequately monitor Kohn Savett's administration of the 'Settlement Fund,' and reconciliation, and determined that those procedures were reasonable and properly performed"; and

- "prepared a final accounting and reconciliation of the 'Fund' and determined that the procedures and ending balance were reasonable."

WHEREAS, the Fund Administrator has requested that this Court authorize him to pay the final bill of Gibson Dunn, which includes fees and disbursements in the sum of $108,773.19, for the period September 26, 2013 through December 13, 2013;

WHEREAS, neither the USAO nor Hertz have any objections to the final bill of Gibson Dunn or to the entry of the instant Proposed Order Regarding the Hertz Restitution Fund;

WHEREAS, pursuant to the Stipulation and Agreement, after the outstanding bill of Gibson Dunn is paid, but prior to December 30, 2013, the Fund Administrator will transfer the balance in the Hertz Restitution Fund to the USAO and close all bank accounts of the Fund;

WHEREAS, the Fund Administrator has reported that UHY will file the final federal tax return for the Hertz Restitution Fund on or about December 30, 2013.

WHEREAS, the Fund Administrator has requested this Court to issue an Order, effective December 31, 2013, terminating the Hertz Restitution Fund and relieving him of all responsibilities as Fund Administrator under the Stipulation and Agreement and the Order appointing him to this position;

WHEREAS, the Fund Administrator has reported that UHY has agreed to handle any inquiries about the Hertz Restitution Fund by the Internal Revenue Service or any state taxation agency following the termination of the Hertz Restitution Fund;

NOW, THEREFORE, IT IS ORDERED THAT the Fund Administrator is authorized to pay from the Hertz Restitution Fund to Gibson Dunn the sum of $108,773.19 for fees and expenses for the period September 26, 2013 through December 13, 2013;

IT IS FURTHER ORDERED THAT, effective December 31, 2013, Lawrence J. Zweifach is hereby relieved of all responsibilities as Fund Administrator under the Stipulation and Agreement and the Order appointing him to this position, dated August 17, 1988; and

IT IS FURTHER ORDERED THAT the Hertz Restitution Fund is hereby

terminated, effective December 31, 2013.

**SO ORDERED**

Dated: Brooklyn, New York
     December ___, 2013

s/Eric N. Vitaliano

Eric N. Vitaliano
United States District Judge